# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM J. STONE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>PFIEFFER,<br><br>　　　　Respondent. | Case No. 1:23-cv-01042-JLT-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 11) |

Petitioner Adam J. Stone is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the undersigned recommends granting Respondent's motion to dismiss and dismissing the petition.

**I.**

**BACKGROUND**

On April 25, 2018, Petitioner was convicted by a jury in the Orange County Superior Court of first-degree murder. Petitioner was sentenced to an imprisonment term of fifty years to life for the first-degree murder conviction and enhancements. (ECF No. 11-1.) Petitioner was later convicted in the Kern County Superior Court of resisting an executive officer. On June 24, 2021, Petitioner was sentenced to an imprisonment term of thirty-two months. (ECF No. 11-2.) In an August 17, 2021 prison disciplinary hearing (Log No. 6997713), Petitioner was found guilty of possession of a deadly weapon, resulting in the loss of 360 days of good time credit.

1  (ECF No. 1 at 104–09.)[1] In an August 26, 2021 prison disciplinary hearing (Log No. 6997714),
2  Petitioner was found guilty of battery on a peace officer, resulting in the loss of 150 days of good
3  time credit. (ECF No. 1 at 98–103.) The Kern County criminal conviction and the two
4  disciplinary convictions arose from the same May 11, 2020 incident. (ECF No. 1 at 12–13, 15;
5  ECF No. 11 at 3.)

6        On July 13, 2023, Petitioner filed the instant federal petition for writ of habeas corpus,
7  challenging the Kern County conviction and the two disciplinary proceedings on the following
8  grounds for relief: (1) Petitioner was not advised that he could appeal his plea bargain and
9  counsel misadvised Petitioner that pulling away while handcuffed, pepper sprayed, and being
10 beaten constituted resisting arrest; (2) disciplinary guilty finding of battery on a peace officer
11 was unlawful due to insufficiency of the evidence, hearing officer bias, and failure to receive
12 findings within five working days; and (3) disciplinary guilty finding of possession of a deadly
13 weapon was unlawful due to insufficiency of the evidence and hearing officer's failure to
14 consider evidence favorable to Petitioner, support of obviously fraudulent staff narratives, and
15 false statement that petitioner pleaded guilty. (ECF No. 1 at 4–5.) On September 12, 2023,
16 Respondent filed a motion to dismiss the petition for failure to exhaust, failure to state a
17 cognizable claim for federal habeas relief, and untimeliness in addition to arguing that relief is
18 barred based on independent and adequate state law grounds. (ECF No. 11.) Petitioner filed an
19 opposition, and Respondent filed a reply. (ECF Nos. 12, 13.)

20                         **II.**
21                       **DISCUSSION**

22     **A. Grounds Two and Three**

23     In the motion to dismiss, Respondent argues that Petitioner's second and third grounds
24 for relief should be dismissed because they are unexhausted, barred based on independent and
25 adequate state law grounds, do not state a cognizable claim for federal habeas relief because they
26 do not affect the fact or duration of Petitioner's confinement, and are untimely. (ECF No. 11 at
27 1–2.)

28 ---
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

2

1. Habeas Jurisdiction

A claim falls within the "core of habeas corpus" when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). The Ninth Circuit has held that a "state prisoner's claim [that] does not lie at 'the core of habeas corpus' . . . must be brought, 'if at all,' under § 1983." Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (quoting Preiser, 411 U.S. at 487; Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)). Therefore, if "success on [Petitioner]'s claims would not necessarily lead to his immediate or earlier release from confinement, [Petitioner]'s claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." Nettles, 830 F.3d at 935 (quoting Skinner, 562 U.S. at 535 n.13).

Respondent contends that Grounds Two and Three should be dismissed as not cognizable because Petitioner has not established that success would necessarily shorten duration of his confinement. (ECF No. 11 at 8–11.) In the opposition, Petitioner argues that because he is not past his minimum eligible parole date, expungement will accelerate his eligibility for parole and affect the duration of his confinement. (ECF No. 12 at 12–13.)

> Under California law, prisoners with life terms . . . may not be released before their minimum eligible parole date (MEPD). Cal. Penal Code § 3041(a)(4). One year before a prisoner's MEPD, a panel of the Board of Parole Hearings will meet with the prisoner and determine if the prisoner is suitable for parole. Id. § 3041(a)(2). "[A] life prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison." Cal. Code Regs. tit. 15, § 2281(a). In determining the prisoner's suitability for parole, the panel must consider "all relevant" information, id. § 2281(b), including disciplinary actions received during imprisonment. If the prisoner is suitable for parole and has reached the MEPD, the prisoner is entitled to release. Cal. Penal Code § 3041(a). If the panel determines that the prisoner is unsuitable for parole, the Board of Parole Hearings will schedule a future hearing that could take place from three to fifteen years after the previous hearing, as directed by statutory criteria. Id. § 3041.5(b)(3). Once every three years, an inmate may request the board to exercise its discretion to accelerate the next hearing. Id. § 3041.5(d).

Nettles, 830 F.3d at 925 (footnote omitted). Although expungement of Petitioner's challenged

disciplinary proceedings would accelerate Petitioner's minimum eligible parole date, it "would not necessarily lead to a grant of parole. . . . Because the parole board has the authority to deny parole 'on the basis of any of the grounds presently available to it,' the presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of an infraction compel the grant of parole." Nettles, 830 F.3d at 934–35 (quoting Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)).

Here, success on Grounds Two and Three would not *necessarily* lead to Petitioner's immediate or earlier release from confinement. Rather, success would only render Petitioner eligible for earlier parole consideration. Accordingly, Grounds Two and Three do not fall within "the core of habeas corpus," and thus, are not cognizable in federal habeas corpus.[2] See Nettles, 830 F.3d at 935; Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (finding claim would not necessarily spell speedier release and did not lie at the core of habeas corpus because "[s]uccess for Dotson does not mean immediate release from confinement or a shorter stay in prison; it means at most new eligibility review, which at most will speed *consideration* of a new parole application"); Godfrey v. Warden PBSP, No. 1:19-cv-01197-NONE-HBK, 2021 WL 3857639, at *2 (E.D. Cal. Aug. 30, 2021) ("The mere possibility that an inmate may get an earlier parole review hearing or may have a more favorable outcome from the parole hearing does not meet the *Nettles* 'necessarily' requirement."), report and recommendation adopted, 2021 WL 4429298 (E.D. Cal. Sept. 27, 2021); Burton v. Adams, No. 1:09-cv-00354-JLT, 2010 WL 703182, at *6 (E.D. Cal. Feb. 25, 2010) ("The fact that Petitioner may legally accrue credits that can be used in the calculation of his [minimum eligible parole date] has such an attenuated, remote, and speculative bearing upon the sentence that Petitioner may ultimately have to serve before being released on parole that the Court simply cannot predicate habeas jurisdiction upon it.").

2. Conversion to § 1983 Action

"If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it

---

[2] In light of this conclusion, the Court declines to address Respondent's other arguments raised in the motion to dismiss with respect to Grounds Two and Three.

4

warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." Nettles, 830 F.3d at 936 (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)). The Court notes that habeas corpus and prisoner civil rights actions differ in a variety of respects, such as the proper defendants, filing fees, exhaustion requirements, and restrictions on future filings (e.g., the Prison Litigation Reform Act's three-strikes rule). Nettles, 830 F.3d at 936 (citing Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011); Glaus, 408 F.3d at 388).

Due to these differences and the disadvantages that recharacterization may have on Petitioner's claims, the undersigned finds that it would be inappropriate to construe the habeas petition as a civil rights complaint under 42 U.S.C. § 1983. For example, the petition also challenges Petitioner's Kern County criminal conviction. "[T]he Supreme Court held that a court must dismiss a § 1983 claim if (1) it seeks to recover damages for 'harm caused by actions whose unlawfulness would render a conviction or sentence invalid' and (2) the plaintiff cannot show that 'the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" Washington v. Los Angeles Cty. Sheriff's Dep't, 833 F.3d 1048, 1054 (9th Cir. 2016) (quoting Heck v. Humphrey, 512 U.S. 477, 486–87 (1994)).The Court also notes that the filing fee for § 1983 civil rights cases is $350, and Petitioner is required to pay the full amount by way of deductions from income to Petitioner's trust account, even if granted *in forma pauperis* status.[3] See 28 U.S.C. § 1915(b)(1). This conclusion, however, does not preclude Petitioner from pursuing Grounds Two and Three in a properly filed civil action brought pursuant to 42 U.S.C. § 1983.

**B. Exhaustion**

In Ground One of the petition, Petitioner asserts that he was not advised that he could appeal his plea bargain and counsel misadvised Petitioner that pulling away while handcuffed, pepper sprayed, and being beaten constituted resisting arrest. (ECF No. 1 at 4.) Respondent

---

[3] In the event Petitioner is not granted *in forma pauperis* status, Petitioner would be required to pay the $350 filing fee plus a $55 administrative fee.

contends that "Petitioner had one filing in the California Supreme Court that could conceivably be related to a challenge to his conviction–a petition for writ of habeas corpus," in Case No. S277779, but that Petitioner did not "challenge his criminal conviction by raising ineffective assistance and trial court error claims as he does now in federal court," and "Petitioner failed to present the legal theories and facts he now relies on to support his federal claims." (ECF No. 11 at 5–6.) In the opposition, Petitioner argues that when he "filed another California Supreme Court petition December 16, 2022 he did raise the issue of the unlawful criminal conviction in the HC-001 form and expanded on it in the petition refering [*sic*] back to the previous petition in the Appeallate [*sic*] court stating 'stone was never advised of his right to appeal, neither by the Judge or his Counsel. Stone never knew of this right' and '. . . his counsel had told him that defensively pulling away or jerking while an officer is being on the defendant is "obstructing"'." (ECF No. 12 at 4.)

    1.  <u>State Court Filings</u>

On January 4, 2021, Petitioner filed a state habeas petition in the Kern County Superior Court, Case No. HC016801A. (ECF No. 1 at 116.) Therein, Petitioner took "issue with the treatment he received at Kern Valley State Prison ("KVSP") on May 11, 2020; contending that such violated his Eighth Amendment rights." (<u>Id.</u> at 118.) On January 20, 2021, the petition was denied. (<u>Id.</u> at 120.) On February 5, 2021, Petitioner filed a state habeas petition in the California Court of Appeal, Fifth Appellate District, Case No. F082343, alleging Eighth Amendment violations arising from the incident on May 11, 2020. The petition was denied on March 25, 2021. (ECF No. 1 at 122–32.)

On October 8, 2021, Petitioner filed a state habeas petition in the California Supreme Court, Case No. S271243. Petitioner again alleged Eighth Amendment violations arising from the incident on May 11, 2020. (ECF No. 1 at 134–42.) The California Supreme Court ordered the Office of the Attorney General to file an informal response to the merits of the petition. (ECF No. 1 at 160.) On January 5, 2022, the California Supreme Court issued an order to show cause, returnable before the Kern County Superior Court, "why petitioner is not entitled to relief on the grounds staff at Kern Valley State Prison pose an ongoing threat of violence to, and retaliation

1  against, petitioner in violation of the Eighth Amendment to the United States Constitution."
2  (ECF No. 1 at 211; ECF No. 11-6 at 3.) Such an order to show cause "require[d] the appointment
3  of counsel, a hearing, and the disposition of the petitioner's claims on their merits." (ECF No. 1
4  at 212; ECF No. 11-6 at 2.) On June 6, 2022, the Kern County Superior Court, Case No.
5  HC017158A, denied the petition and discharged the order to show cause. (ECF No. 1 at 311–18;
6  ECF No. 11-7.)

7  On June 27, 2022, Petitioner filed a state habeas petition in the California Court of
8  Appeal, Fifth Appellate District, Case No. F084648. (ECF No. 1 at 320–53; ECF No. 11-3.) The
9  petition was denied on October 27, 2022. (ECF No. 1 at 354; ECF No. 11-4.) On December 13,
10 2022, Petitioner filed a state habeas petition in the California Supreme Court, Case No. S277779.
11 (ECF No. 1 at 355–65; ECF No. 11-5.) The petition was denied on May 17, 2023. (ECF No. 1 at
12 367; ECF No. 11-9.)

13    2.  Analysis

14  A petitioner in state custody who is proceeding with a petition for writ of habeas corpus
15 must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based
16 on comity to the state court and gives the state court the initial opportunity to correct the state's
17 alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v.
18 Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by
19 providing the highest state court with a full and fair opportunity to consider each claim before
20 presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v.
21 Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

22  To provide the highest state court the necessary opportunity, the petitioner must "fairly
23 present" the claim with "reference to a specific federal constitutional guarantee, as well as a
24 statement of the facts that entitle the petitioner to relief." Duncan, 513 U.S. at 365; Gray v.
25 Netherland, 518 U.S. 152, 162–63 (1996). See also Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir.
26 2008) ("Fair presentation requires that the petitioner 'describe in the state proceedings both the
27 operative facts and the federal legal theory on which his claim is based so that the state courts
28 ///

have a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim.'" (citations omitted)).

The state habeas petition filed in California Supreme Court Case No. S277779 states as grounds for relief Fourteenth Amendment violations regarding how the Kern County Superior Court handled the California Supreme Court's order to show cause. Petitioner also challenged the California Court of Appeal, Fifth Appellate District's determinations that his habeas petition was successive and unexhausted. (ECF No. 11-5 at 4–5.) In support for his grounds for relief, Petitioner states, "See Previous HC-001 forms and complaints" and "See Appeal habeas petition Exhibit All." (Id. at 4, 6, 9.) Exhibit All, in turn, included a copy of the state habeas petition filed in California Court of Appeal, Fifth Appellate District Case No. F084648, which alleged that "Stone was not advised that he could appeal his 'obstructing' plea conviction. Stone was not advised by the Judge or his counsel" and "Stone is still not sure if this is 'obstructing or delaying an executive officer by threat or force', but his counsel had told him that defensively pulling away or jerking while an officer is beating on the defendant is 'obstructing'." (ECF No. 11-5 at 17, 23.)

The Supreme Court has held "that ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." Baldwin v. Reese, 541 U.S. 27, 32 (2004). In Gatlin v. Madding, 189 F.3d 882 (9th Cir. 1999), a petitioner filed a *pro se* petition for review in the California Supreme Court, "argu[ing] that 'the trial court should have excluded . . . live line-up and in-court identification of appellant.'" Id. at 885. The petitioner presented the factual basis of this claim and also wrote, "Petitioner incorporate's [*sic*] herein the arguments raised by his appellate counsel on Direct Appeal on this issue." Id. The Ninth found the "petition for review to the California Supreme Court did not 'fairly present' his due process identification claim. While Gatlin adequately described the factual basis for his claim, he nowhere identified the federal legal basis for his claim." Id. at 888. Petitioner argued "his petition for review incorporated by reference the due process arguments raised in his brief to the California Court of Appeal," but

the Ninth Circuit rejected this argument because "California Rule of Court 28 expressly prohibits the incorporation by reference of authorities or argument from another document." Id.

Here, Petitioner did less than the petitioner in Gatlin because he did not specifically identify in the petition for review itself his claims that he was not advised he could appeal his plea bargain and counsel misadvised Petitioner that pulling away while handcuffed, pepper sprayed, and being beaten constituted resisting arrest. Rather, in support of his claims challenging how the Kern County Superior Court handled the California Supreme Court's order to show cause and the California Court of Appeal, Fifth Appellate District's determinations that his habeas petition was successive and unexhausted, Petitioner referred to "Previous HC-001 forms and complaints" and "Appeal habeas petition Exhibit All" and attached a copy of the state habeas petition filed in the California Court of Appeal, Fifth Appellate District. Rule 8.504 of the California Rules of Court provides that "[n]o incorporation by reference is permitted except a reference to a petition, an answer, or a reply filed by another party in the same case or filed in a case that raises the same or similar issues and in which a petition for review is pending or has been granted." Cal. R. Ct. 8.504(e)(3). Therefore, because California rules "expressly prohibit[] the incorporation by reference of authorities or argument from another document," Gatlin, 189 F.3d at 888, Petitioner did not "fairly present" Ground One to the California Supreme Court and it is unexhausted. See Kelly v. Swarthout, 599 F. App'x 267, 267 (9th Cir. 2015) ("The district court properly dismissed these claims as unexhausted because, although Kelly attached the lower court decision to his state court petition for review, California court rules prohibit parties from incorporating arguments by reference in this way." (citing Cal. R. Ct. 8.504(e)(3))).

### III.

### RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 11) be GRANTED; and
2. The petition for writ of habeas corpus be DISMISSED without prejudice.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **December 18, 2023**          /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE