**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADAM JAY STONE,<br><br>    Petitioner,<br><br>    v.<br><br>PFIEFFER,<br><br>    Respondent. | No. 1:23-cv-01042-JLT-EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Docs. 11, 14) |

Petitioner Adam Jay stone is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 18, 2023, the magistrate judge issued Findings and Recommendations recommending that Respondent's motion to dismiss be granted and the petition for writ of habeas corpus be dismissed without prejudice. (Doc. 14.) On January 2, 2024, Petitioner filed timely objections. (Doc. 15.)

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the matter, including Petitioner's objections, the Court concludes the Findings and Recommendation are supported by the record and proper analysis. For example, the Findings and Recommendations concluded that Ground One was unexhausted because

1

1 Petitioner improperly attempted to incorporate that claim into his state petition by referencing a

2 petition that he filed in a different state habeas case. (*See* Doc. 14 at 7–9.) Petitioner argues this

3 was erroneous, citing to California Rule of Court 8.504. (Doc. 15 at 3–4.) However, as the

4 Findings and Recommendations explained (Doc. 14 at 9), though Rule 8.504(3) permits some

5 forms of incorporation by reference, incorporation under that rule is limited to referencing

6 documents filed by "another party." Therefore, the conclusion of the Findings and

7 Recommendations on that issue was correct. Petitioner's other objections are equally

8 unpersuasive.

9       Having found that Petitioner is not entitled to habeas relief, the Court now turns to

10 whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus

11 has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only

12 allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C.

13 § 2253. The Court should issue a certificate of appealability if "reasonable jurists could debate

14 whether (or, for that matter, agree that) the petition should have been resolved in a different

15 manner or that the issues presented were 'adequate to deserve encouragement to proceed

16 further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S.

17 880, 893 & n.4 (1983)).

18       In the present case, the Court finds that reasonable jurists would not find the Court's

19 determination that the petition should be dismissed debatable or wrong, or that Petitioner should

20 be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

21 Thus, the Court **ORDERS**:

22     1. The findings and recommendations issued on December 18, 2023 (Doc. 14) are

23        **ADOPTED IN FULL**.

24     2. Respondent's motion to dismiss (Doc. 11) is **GRANTED**.

25     3. The petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

26     4. The Clerk of Court is directed to **CLOSE THE CASE**.

27 ///

28 ///

5. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **January 29, 2024**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE